# CIVIL COVER SHEET

JS 44 (Rev. 11/04)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
U.S. Bounty mr. Jerome J. Brown Sr.
Directly Robert S. Mueller, FBI

**(b)** County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)

6655 Sykesville Road 501-B
Sykesville Maryland 21784

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
1-877-812-3134, 410-549-9722

## DEFENDANTS
Bar Counsel, Melvin Hirshman
Investigators, William M. Ramsey

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

100 Community Pl. Crownsville MD.

Attorneys (If Known)
L-06-3357

RECEIVED IN THE CHAMBERS OF
SUSAN K. GAUVEY
DEC 1 4 2006
UNITED STATES MAGISTRATE JUDGE

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [X] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

01-1042

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☑ Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 Foreign Nation | ☐ 6 | ☐ 6 |

DOJ, NCIC #W120994733 CASE # FBI No. 375269P5 FD-258 8/2/96 Applicant

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☑ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**
PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
  Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☑ 460 Deportation
- ☑ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act 5587
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

2003  USMS 5587

## V. ORIGIN (Place an "X" in One Box Only)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Rule 9, Information Issuance, Rule 9(b) Warrant.
Brief description of cause:
Bench warrant issued 8/25/06 not given for service 10/3/06.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
JURY DEMAND: ☑ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE Magistrate, Garvey DOCKET NUMBER

DATE 11/30/06
SIGNATURE OF ATTORNEY OF RECORD
U.S-Bounty mr. Jerome Julius Brown SR #1014 ETAL, U.S.A.

FOR OFFICE USE ONLY
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

United States District Court
District Court of Maryland (Baltimore)
410-962-2690 FAX

U.S. Bounty Mr. Jerome J. Brown Sr.
Directly Mr. Robert S. Mueller, FBI
Asst. Director, Employment, HQ
6655 Sykesville Road Sol-B
Sykesville Maryland 21784
1-877-812-3134 FAX 202-324-1091
                PETITIONER

V.

Attorney Grievance Commission of MD.
Bar Counsel, Melvin Hirshman
Investigator, William M. Ramsey
Investigator, Marc O. Fiedler
100 Community Place Suite 3301
Crownsville MD 21032-2027
1-800-492-1660, 410-514-7051
                DEFENDANTS

Filed 11/30/2006
United States Attorney General
Mr. Alberto R. Gonzales
950 Pennsylvania Ave N.W.
Washington DC 20530
202-514-2063 FAX 4507
                DEFENDANT

Case No. _____

Jury Demand,
Nature of Suit: 470, 210.
Magistrate, Garvey.
28 USCS 1446(E) USM -
U.S. Marshal,
Mr. Johnny L. Hughes
101 W. Lombard St. 6th Fl.
Baltimore MD 21201
410-962-2220 FAX 3780
                DEFENDANT

## MEMORANDUM
Affidavit XC 222200

U.S. District Court (Baltimore) Civil Docket Case # 01 V. 1042 Brown, etal V. Hoskins, etal, Nature of Suit Filed 4/9/01 Petition for Writ of Habeas Corpus (State) Represented by Jerome Julius Brown Plaintiff U.S. Attorney Jerome Julius Brown Sr. under Title 28 USCS 2254 (Rule 4) Petition not served by Certified Mail to Respondents and Attorney General J. Joseph Curran Jr.

Petition for Rule (9). Issuance Bench Warrant Issued 8/25/06 To Sheriff Charles M. Cave not given for service to Sheriff, Charles M. Cave 10/03/06 not taken by the Judge, no CJIS submitted.

ARCHIVE, CLOSED

## U.S. District Court
## District of Maryland (Baltimore)
### CIVIL DOCKET FOR CASE #: 1:01-cv-01042-BEL

Brown, et al v. Hoskins, et al
Assigned to: Chief Judge Benson Everett Legg
Demand: $0
Cause: 42:1983 Prisoner Civil Rights

Date Filed: 04/09/2001
Date Terminated: 04/12/2001
Jury Demand: None
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

**Plaintiff**
**U.S. Attorney Jerome Julius Brown**

represented by **Jerome Julius Brown**
7209 Robinhood Drive
Upper Marlboro, MD 20772
PRO SE

**Plaintiff**
**Mr. Lewis J. Freech**
*Director, FBI*

V.

**Defendant**
**Mr. Donald Hoskins**
*Chief, MVA*

**Defendant**
**Mr. Lansman**
*Head Investigation*

**Defendant**
**. The Attorney General of the State of Maryland**

**Defendant**
**Norman E. Parker, Jr.**
*Mr., Deputy*

**Defendant**
**Mrs. Donna Hill Staton**
*Deputy*

## OF CRIMINAL PROCEDURE

any connection or participation of ...ense was objectionable, but proper ...erance rather than dismissal of in...t to right in court to consolidate for ...ter appear in future proceedings that ...it have been joined without prejudice ...nent. United States v Harvick (1957) ... Supp 696, 57-2 USTC ¶ 10039, 52 ...

of indictment must charge no more ...se, and if more than one offense is ...gle count, such count is subject to dis... er, where indictment is subject to a... inder of defendants, this is not ground... United States v J. Tirocchi & Sons, ...C RI) 187 F Supp 778.

charges in one indictment in separate ...e held improper when existing circum... such joinder unjust to defendant, but ...ate indictment in its entirety as it may ... ordering separate trials of counts. United ...an (1975, DC Puerto Rico) 393 F Supp ...

...medy for misjoinder is to compel pros... ect or to sever defendants for trial rath... niss indictment. United States v Campbell ... Inc. (1979, DC Mass) 470 F Supp 430 ...H Trade Cases ¶ 62953.

eversal of conviction
...der of offenses charged against multipl... is subject to harmless error rule and ...il per se, so as to require automatic reve... tion. United States v Lane (1986), ... L Ed 2d 814, 106 S Ct 725, reh den (1986) ... 1104, 89 L Ed 2d 907, 106 S Ct 1507 ...per joinder of defendants under Rule 8(b) ... for reversal of defendants' conviction ...tation of stolen vehicles in interstate com... United States v Eagleston (1969, CA10 Ok)... d 11.

...iction will not be reversed on appeal if at trial establishes that joinder was proper... f rule is read literally to require that basis ...r appear on face of pleading, error would b... rmless. United States v Roselli (1970, C... 132 F2d 879, cert den (1971) 401 US 924 ... 2d 828, 91 S Ct 883 and cert den (1971) ... 24, 27 L Ed 2d 828, 91 S Ct 884, reh de... l) 402 US 924, 28 L Ed 2d 665, 91 S Ct 1... inder of actual defendant with one who is n... government informant, not guilty of crime ...h he is charged, is reversible error. United S... spo (1972, CA3 Pa) 460 F2d 965. ...mproper joinder of offenses or defendant... e 8 is ground for reversal. United S... rionneaux (1975, CA5 La) 514 F2d 1244 ...mproper joinder of defendants under Rule 8... ound for reversal of defendant's robbery co...

## RULES OF CRIMINAL PROCEDURE

tion. United States v Satterfield (1977, CA9 Or) 548 F2d 1341.

Misjoinder of offenses is in itself error; however such error is not automatic ground for reversal absent showing of prejudice. United States v Jamar (1977, CA4 Va) 561 F2d 1103, 1 Fed Rules Evid Serv 1040.

Question of propriety of joinder under Rule 8 is question of law, subject to full appellate review and if joinder is not permitted by Rule 8, conviction must be reversed unless error was harmless. United States v Werner (1980, CA2 NY) 620 F2d 922, 5 Fed Rules Evid Serv 833.

Propriety of joinder under Rule 8(a) is question of law, and improper joinder requires reversal unless Rule 8 error is harmless. United States v Ajlouny (1980, CA2 NY) 629 F2d 830, cert den (1981) 449 US 1111, 66 L Ed 2d 840, 101 S Ct 920.

Common plan, scheme, or conspiracy need not be charged on face of indictment, and although Rule 8(b) standards are stated in terms of required allegations, conviction will not be reversed on appeal if evidence at trial establishes that joinder was proper. United States v Ford (1980, CA9 Cal) 632 F2d 1354, 105 BNA LRRM 2969, 7 Fed Rules Evid Serv 443, cert den (1981) 450 US 934, 67 L Ed 2d 369, 101 S Ct 1399 and (ovrld in part on other grounds by United States v De Bright (1984, CA9 Ariz) 730 F2d 1255).

Error involving Rule 8(b) misjoinder requires reversal only if resulting in actual injury due to substantial and injurious effect or influence on jury's verdict determination. United States v Lueth (1986, ND Iowa) 807 F2d 719, post-conviction relief den (1996, CA8 Iowa) 1996 US App LEXIS 29605.

Reversal was not required on basis of claims that multiple conspiracies existed in defendant's case rather than single, overall conspiracy, and that alleged variance between indictment and proof prejudiced defendant, since proper joinder is determined on face of indictment, and thus, where single conspiracy was charged in indictment, joinder was proper notwithstanding fact that evidence at trial showed multiple conspiracies, and since if any error existed it was harmless in light of overwhelming evidence that, even if separate conspiracies were involved, defendant was at hub of each. United States v ... (1987, CA7 Ill) 809 F2d 397.

**New and/or separate trials**
...fendants will be given chance to raise Rule 8(b) ...tion in timely fashion, where new trial is

## Rule 9

granted on other grounds, if trial court denied pretrial motion to sever based upon prejudicial joinder due to codefendants inconsistent and conflicting defenses, and refused to change ruling after evidence had been presented, even though argument that joinder of all cases in indictment was improper under Rule 8(b) was raised for first time on appeal. United States v Bailey (1978) 190 US App DC 142, 585 F2d 1087, revd on other grounds (1980) 444 US 394, 62 L Ed 2d 575, 100 S Ct 624.

Proper relief for misjoinder of offenses is to order separate trial of counts, rather than dismiss entire indictment. United States v Goodman (1960, CA5 Fla) 285 F2d 378, cert den (1961) 366 US 930, 6 L Ed 2d 389, 81 S Ct 1651; United States v Bally Mfg. Corp. (1972, ED La) 345 F Supp 410.

When court on appeal concludes that there is insufficient evidence to support finding of one conspiracy, it would be prejudicial to parties to remand case for single trial of multiple conspiracies; rather, on demand there should be 2 separate trials. United States v Varelli (1969, CA7) 407 F2d 735.

Misjoinder constitutes reversible error which warrants remand for new and separate trials unless substantially all of evidence adduced at joint trial would be admissible at separate trials. United States v Chinchic (1981, CA4 NC) 655 F2d 547, 62 ALR Fed 97.

Joinder, into one indictment, of 4 counts of passing and possessing counterfeit federal reserve notes, is not ground for acquittal or new trial, since offenses are of same or similar character. United States v Leitner (1962, SD NY) 202 F Supp 688, affd (1963, CA2 NY) 312 F2d 107.

Failure to sever 2 counts of mail fraud upon which defendant is convicted, from 4 counts of mail fraud upon which defendant is acquitted, is not ground for new trial. United States v Ashton (1974, WD Pa) 399 F Supp 1192, affd without op (1975, CA3 Pa) 521 F2d 1399, cert den (1976) 424 US 942, 47 L Ed 2d 348, 96 S Ct 1409.

Joinder of charges in one indictment in separate counts may be held improper when existing circumstances make such joinder unjust to defendant, but it does not vitiate indictment in its entirety as it may be cured by ordering separate trials of counts. United States v Pagan (1975, DC Puerto Rico) 393 F Supp 1395.

## Rule 9.  Warrant or Summons Upon Indictment or Information

**Issuance.** Upon the request of the attorney for the government the court shall issue a warrant for each defendant named in an information supported by showing of probable cause under oath as is required by Rule 4(a), or in an indictment. Upon the request of the attorney for the government a summons

Circuit Court of Maryland

Go Back

## Case Information
Court System: **Circuit Court of Howard County - Criminal System**
Case Number **13K05044505**
Title: **State Of Maryland vs Jerome Julius Brown**
Case Type: **Information**   Filing Date: **01/19/2005**
Case Status: **Reopened/Active**
Case Disposition:   Disposition Date:

## Defendant Information
*(Each Alias, Address, and Attorney for the Defendant is displayed)*
Name: **Brown, Jerome Julius**
Race: **African American**
Sex: **M**   Height: **6'01"**   Weight: **175**   DOB: **08/17/1953**
Address: **2805 Lakehurst Avenue**
City: **District Heights**   State: **MD**   Zip Code: **20747**
Address: **6655 Sykesville Rd**
City: **Sykesville**   State: **MD**   Zip Code: **21784**
Address: **Howard County Detention Center**
City: **Jessup**   State: **MD**   Zip Code: **20794**

*Attorney(s) for the Defendant*
Name: **McKenna, John Michael**
Practice Name:
Address: **5407 Water Street**
City: **Upper Marlboro**   State: **MD**   Zip Code: **20772**

## Court Scheduling Information
Event Type: **Scheduling Conference**   Notice Date: **02/14/2005**
Event Date: **02/18/2005**   Event Time: **08:45 AM**
Result: **Held/Concluded**   Result Date: **02/18/2005**

Event Type: **Bail review**   Notice Date: **03/09/2005**
Event Date: **03/31/2005**   Event Time: **08:45 AM**
Result: **Postponed/Reset**   Result Date: **03/23/2005**

Event Type: **Bail review**   Notice Date: **03/23/2005**
Event Date: **04/04/2005**   Event Time: **08:45 AM**
Result: **Postponed/Reset**   Result Date: **03/31/2005**

Event Type: **Bail review**   Notice Date: **03/31/2005**
Event Date: **04/05/2005**   Event Time: **08:45 AM**
Result: **Held/Concluded**   Result Date: **04/05/2005**

Event Type: **Criminal Motions**   Notice Date: **03/31/2005**
Event Date: **04/15/2005**   Event Time: **08:45 AM**
Result: **Postponed**   Result Date: **04/14/2005**

Event Type: **Criminal Jury Trial**   Notice Date: **04/14/2005**
Event Date: **05/16/2005**   Event Time: **08:45 AM**
Result: **Postponed/Reset**   Result Date: **05/13/2005**

STATE OF MARYLAND,
HOWARD COUNTY, TO WIT:

J. Joseph Curran, Jr., Attorney General for the State of Maryland, being duly authorized by law, now comes into the said Court and for and on behalf of the State of Maryland gives the Court here to understand that

JEROME JULIUS BROWN

late of said Howard County, on or about the Fourteenth day of April, in the year Two Thousand Four, at Howard County aforesaid,

1. Did unlawfully, willfully and falsely make an oath and affirmation in an affidavit required by law, to wit, in an application for a permit to wear, carry and transport a handgun did falsely answer "No" to question number 12 which states "Have you ever been ARRESTED OR CHARGED OR CONVICTED with a violation of any criminal law?", when in fact he had been arrested for, charged with and convicted of, violations of the criminal law prior to the date of making such affidavit, said answer being a material statement in violation of Maryland Annotated Code Criminal Law Article Section 9-101(a)(2), contrary to the form of the Act of Assembly in such case made and provided, and against the peace, government and dignity of the State.

Criminal Law Article 9-101(a)(2); Penalty 10 years

2. Did unlawfully, willfully and falsely make an oath and affirmation in an affidavit required by law, to wit, in an application for a permit to wear, carry and transport a handgun did falsely answer "No" to question number 15 which states " Have you ever been confined or committed to a mental institution or hospital for treatment or observation for a mental or psychiatric condition on a temporary or permanent basis?" when, in fact, he had previously been confined in Crownsville State Hospital for treatment and observation for a mental condition, said answer being a material statement in violation of Maryland Annotated Code Criminal Law Article Section 9-101(a)(2), contrary to the form of the Act of Assembly in such case made and provided, and against the peace, government and dignity of the State.

Criminal Law Article 9-101(a)(2); Penalty 10 Years

3. Did unlawfully, willfully and falsely make an oath and affirmation in an affidavit required by law, to wit, in an application for a permit to wear, carry and transport a handgun did falsely answer "No" to question number 16 which states "Have you ever been attended, treated or observed by any medical doctor, psychiatrist, hospital, or institution, including voluntary commitment, for any mental or psychiatric condition?" when, in fact, he had previously been committed by the District Court for Prince Georges County for mental competency evaluations, said answer being a material statement in violation of Maryland Annotated Code Section 9-101(a)(2), contrary to the form of the Act of Assembly in such case made and provided, and against the peace, government and dignity of the State.

Criminal Law Article 9-101(a)(2); Penalty 10 years

4. Did willfully make a false entry in a public record, to wit, did, in an application for a permit to wear, carry and transport a handgun, answer "No" to question number 12 which states "Have you ever been ARRESTED OR CHARGED OR CONVICTED with a violation of any criminal law?" when in fact he had been arrested for, charged with and convicted of violations of the criminal law prior to making the false entry, in violation of Maryland Annotated Code Criminal Law Article Section 8-606, contrary to the form of the Act of Assembly in such case made and provided, and against the peace, government and dignity of the State.

Criminal Law Article Section 8-606; Penalty 3years/$1000 fine

5. Did willfully make a false entry in a public record, to wit, did, in an application for a permit to wear, carry and transport a handgun, answer "No" to question number 15 which states "Have you ever been confined or committed to a mental institution or hospital for treatment or observation for a mental or psychiatric condition on a temporary or permanent basis?" when, in fact, he had previously been confined in Crownsville State Hospital for treatment and observation for a mental condition, in violation of Maryland Annotated Code Criminal Law Article Section 8-606, contrary to the form of the Act of Assembly in such case made and provided, and against the peace, government and dignity of the State.

Criminal Law Article Section 8-606; Penalty 3years/$1000 fine

6.  Did willfully make a false entry in a public record, to wit, did, in an application for a permit to wear, carry and transport a handgun, answer "No" to question number 16 which states " Have you ever been attended, treated or observed by any medical doctor, psychiatrist, hospital, or institution, including voluntary commitment, for any mental or psychiatric condition?",when, in fact, he had previously been committed by the District Court for Prince Georges County for mental competency examination, in violation of Maryland Annotated Code Criminal Law Article Section 8-606, contrary to the form of the Act of Assembly in such case made and provided, and against the peace, government and dignity of the State.

Criminal Law Article Section 8-606; Penalty 3 years/$1000 fine

**Rule 9**                                                                RULES OF CRIMINAL PROCEDURE

instead of a warrant shall issue. If no request is made, the court may issue either a warrant or a summons in its discretion. More than one warrant or summons may issue for the same defendant. The clerk shall deliver the warrant or summons to the marshal or other person authorized by law to execute or serve it. If a defendant fails to appear in response to the summons, a warrant shall issue. When a defendant arrested with a warrant or given a summons appears initially before a magistrate judge, the magistrate judge shall proceed in accordance with the applicable subdivisions of Rule 5.

**(b) Form.** (1) *Warrant.* The form of the warrant shall be as provided in Rule 4(c)(1) except that it shall be signed by the clerk, it shall describe the offense charged in the indictment or information and it shall command that the defendant be arrested and brought before the nearest available magistrate judge. The amount of bail may be fixed by the court and endorsed on the warrant.

(2) *Summons.* The summons shall be in the same form as the warrant except that it shall summon the defendant to appear before a magistrate judge at a stated time and place.

**(c) Execution or service; and return.** (1) *Execution or service.* The warrant shall be executed or the summons served as provided in Rule 4(d)(1), (2) and (3). A summons to a corporation shall be served by delivering a copy to an officer or to a managing or general agent or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the corporation's last known address within the district or at its principal place of business elsewhere in the United States. The officer executing the warrant shall bring the arrested person without unnecessary delay before the nearest available federal magistrate judge or, in the event that a federal magistrate judge is not reasonably available, before a state or local judicial officer authorized by 18 U.S.C. § 3041.

(2) *Return.* The officer executing a warrant shall make return thereof to the magistrate judge or other officer before whom the defendant is brought. At the request of the attorney for the government any unexecuted warrant shall be returned and cancelled. On or before the return day the person to whom a summons was delivered for service shall make return thereof. At the request of the attorney for the government made at any time while the indictment or information is pending, a warrant returned unexecuted and not cancelled or a summons returned unserved or a duplicate thereof may be delivered by the clerk to the marshal or other authorized person for execution or service.

(Amended Oct. 1, 1972; July 31, 1975, P. L. 94-64, §§ 2, 3(4), 89 Stat. 370; Dec. 1, 1975; Dec. 12, 1975, P. L. 94-149, § 5, 89 Stat. 806; Aug. 1, 1979; Aug. 1, 1982; Dec. 1, 1993.)

### HISTORY; ANCILLARY LAWS AND DIRECTIVES

**Amendments:**

**1975.** Act July 31, 1975 (effective 12/1/75, as provided by § 2 of such Act, which appears as a note to Rule 4), amended subsec. (a) generally.

362

UNITED STATES DEPARTMENT OF JUSTICE, FEDERAL BUREAU OF INVESTIGATION, CRIMINAL JUSTICE INFORMATION SERVICES DIVISION CLARKSBURG WV 26306 RECORD UPDATED 8/28/2006 FBI IDENTIFICATION RECORD - FBI NO. 375269P5 (PART 5)(ITEM 16) COUNT - CHARGE - PERJURY 3 COUNTS 5003 SENTENCE - HELD $1100.000.00 CASH HELD AT Howard County Detention Center, 410-313-5200. 7301 WATERLOO Rd JESSUP MD, RECORD ATTACHED HERETO BEFORE A MAGISTRATE JUDGE SUSAN GARVEY.

PETITION FOR RULE 9(b) FORM (1) WARRANT, FOR BAR COUNSEL, MELVIN HINSHMAN, WARRANT FOR INVESTIGATOR, WILLIAM M. RAMSEY - WARRANT FOR INVESTIGATOR, MARC O. FIEDLER, ATTORNEY GRIEVANCE COMMISSION OF MARYLAND RETURN FORM RECEIVED 11/21/2006 ATTORNY GRIEVANCE COMMISSION, ATTORNEY AGAINST JANETTE E. DEBOISSIERE NATURE OF COMPLAINT AGAINST THE ATTORNEY, INFORMATION.

(1) BENCH WARRANT ISSUED 8/25/06 TO SHERIFF CHARLES M. CAVE,
(2) ATTORNEY APPEARANCE REMOVED 3/8/05 CAROL A. HANSON PUBLIC DEF.
(3) ATTORNEY APPEARANCE REMOVED 4/4/05 LOUIS P. WILLEMIN PUBLIC DEF,
(4) CASE NO. 13K05044505 IF INACTIVE/CLOSED 8/10/05/MCKENNA, EMPL.
(5) ATTORNEY APPEARANCE REMOVED 8/16/06 JOHN M. MCKENNA, $2,500.00
(6) CASE NO. 13K05044505 IF 180 DAYS NO TRIAL, UNDER 18 USCS 1201.

INFORMATION AND IT SHALL COMMAND THAT THE DEFENDANTS BE ARRESTED AND BROUGHT BEFORE THE NEAREST AVAILABLE MAGISTRATE JUDGE SUSAN GARVEY

PETITION FOR RULE 9. INFORMATION (A) ISSUANCE hTTP: FROM JANETTE E. DEBOISSIERE 10/18/06 CASESEARCH. COURTS. STATE. MD. US./INQUIRY/INQUIRY DETAIL. JIS? CASEID=13K05044505;dETA. CASE INFORMATION, CASE TYPE INFORMATION FILING DATE 1/19/05.

```
                    UNITED STATES DEPARTMENT OF JUSTICE
                      FEDERAL BUREAU OF INVESTIGATION
                 CRIMINAL JUSTICE INFORMATION SERVICES DIVISION
                            CLARKSBURG, WV  26306


 J00000Z                                         ICN ISIS0002000004023406
 ART 5

              - FBI IDENTIFICATION RECORD - FBI NO-375269P5

14-ARRESTED OR RECEIVED 1999/06/12   SID- MD94273
    AGENCY-SHERIFF'S OFFICE UPPER MARLBORO (MD0170000)
       AGENCY CASE-048568
       CHARGE 1-THEFT 300

15-ARRESTED OR RECEIVED 2001/05/29   SID- MD94273
    AGENCY-CO POLICE DEPARTMENT LANDOVER (MD0172100)
       AGENCY CASE-000001849422
       CHARGE 1-BOMB THREAT/ARSON THREAT
       CHARGE 2-FALSE STMT/DESTRUCTION

    COURT-
       CHARGE-ATT-ARSON/THREAT
       SENTENCE-
       04-15-2003 NOT GUILTY
       CHARGE-FALSE STMT-DESTRUCTIVE DE
       SENTENCE-
       04-15-2003 NOT GUILTY

16-ARRESTED OR RECEIVED 2005/01/25   SID- MD94273
    AGENCY-SHERIFF'S OFFICE ELLICOTT CITY (MD0140000)
       AGENCY CASE-2005031
       CHARGE 1-PERJURY 3 COUNTS 5003
       CHARGE 2-WEAPON OFFENSE FALSE APPLICATION 5299 3 COUNTS

    COURT-
       CHARGE-PERJURY 3 COUNTS 5003
       SENTENCE-
       HELD $100,000 CASH HELD AT HCDC




END OF PART 5 - PART 6 TO FOLLOW
```

# ATTORNEY GRIEVANCE COMMISSION OF MARYLAND

Return Form to:
Attorney Grievance Commission of Maryland
100 Community Place
Suite 3301
Crownsville, MD 21032-2027

Phone: 410-514-7051 (Annapolis-Baltimore)
(Toll Free in MD 800-492-1660)

11/13/2006
(Date)

1. Your Name:   Mr. ☑   Mrs. ☐   Ms. ☐   Miss ☐   Doctor ☐

U.S. DISTRICT PROSE #1014, JEROME Julius BROWN SR. TRUST 484
(First)                         (Middle)                              (Last)

7209, 7209A PRINT Shop, Robin Hood DRIVE P.O. Box 3093
(Street)

UPPER MARLBORO MARYLAND 20773-3093
(City)              (County)              (State)              (Zip Code)

Telephone Number(s): Business: 1-877-812-3134   Home: 301-423-2208 FAX

2. Attorney against whom you wish to file a complaint:

JANETTE E. DEBOISSIERE ASST. Public DEFENDER, DISTRICT 10
(Full Name)

3451 CourtHouse DRIVE, Ellicott City MD 21043
(Address)

Telephone Number(s): 410-480-7777 FAX 7775 Toll FREE 877-430-5187

3. Did you employ the attorney?   Yes ☐   No ☑
If yes, give the approximate date you employed the attorney and the amount, if any, paid to him.

(Amount Paid) _____   (Date) _____

4. If your answer to No. 3 above is "No", what is your connection with the attorney?

OFFICE OF The GOVERNOR, JEROME J. BROWN SR, REQUEST FOR REPRESENTATION FORM.

5. Nature of complaint against the attorney (state in full detail: use separate piece of paper, if necessary). If you employed the attorney, state what you employed him/her to do. Further information may be requested.

Criminally Responsible PLEA, Incompetence To STAND TRIAL 2/25/05 & 10/20/06.
Bench WARRANT Issued 8/25/06 To Sheriff Charles M. CAVE NOT GIVEN FOR SERVICE.
ATTORNEY Appearance Removed 3/8/05 CAROL A. Hanson Public DEFENDER.
ATTORNEY Appearance Removed 4/04/05 Louis P. Willemin Public DEFENDER.
ATTORNEY Appearance Removed 8/16/06 John M. McKenna, Employed $2,500.00
CASE NO. 13-K-05-044505 IF INACTIVE/Closed CASE 8/10/05, CASE HISTORY.

6. If you have made a complaint about this same matter to any Official or Agency, state the (their) name(s), and the approximate date you reported it:

FBI, SAC William L. Chase 410-277-6201 FAXED 6233, 09/25/06

7. If your complaint is about a law suit, please furnish the following information, if available:

Name of Court U.S. COURT (BALTIMORE) Title of Suit BROWN v. JANETTE E. DEBOISSIERE
Number of Suit 06 V.   Approximate Date Suit was filed 10/17/2006

8. If you are or have been represented by any other attorney with regard to this matter, state the name and address of the other attorney:

CASE NO. 13-K-05-044505 IF 180 DAYS NO TRIAL, U.S. DISTRICT PROSE #1014.

Signature: mr. Jerome Julius Brown SR.
(MUST be signed)

Revised 5/1/2006

RETURN A COPY ASAP.

```
             CIRCUIT COURT FOR HOWARD COUNTY
                   Margaret D. Rappaport
                   Clerk of the Circuit Court
                       8360 Court Avenue
                   Ellicott City, MD 21043-4579
            (410)-313-2111, TTY for Deaf: (410)-313-3840
    Civil(410)313-3844 Civ.Assign(410)313-3808 Criminal(410)313-3822
```

07/18/05
                                    Case Number: 13-K-05-044505 IF
                                    Date Filed:  01/19/2005
                                    180 Day End: 08/10/05
                                    Status: Closed/Inactive
                                    Judge Assigned: To Be Assigned,
                                    Arrest Tracking Numbers: 05-7013-00001-5
                                    Location : Jail

State Of Maryland vs Jerome Julius Brown


                    C A S E   H I S T O R Y



                    OTHER REFERENCE NUMBERS

Description              Number
---------------------    ---------------
Arrest Tracking Number   05-7013-00001-5
Case Folder ID           K05044505V01


                    INVOLVED PARTIES

                                                        Pty. Disp.          Entered
Type Num  Name(Last,First,Mid,Title)   Addr Str/End     Addr Update
-----------------------------------------------------------------------------------
                                                                            01/19/05

PLT  001 State Of Maryland             Party ID: 0000013
                                                                            01/19/05
                                       Appear: 01/19/2005
    Attorney: 0808123 Goetz, Clarence E
             Office Of The Attorney General      **LisTed As STATE's ATTORNEY**
             200 St Paul Place
             Baltimore, MD   21202
                                                                            01/19/05

DEF  001 Brown, Jerome Julius 08/17/53   Party ID: 0175907

     FBI Number:375269P5
     State ID Number:94273

     Incarceration Facility: Springfield Hospital Center
     Inst: Springfield Hospital Center       06/17/05        06/17/05 WR    06/17/05 WR
           Sykesville, MD   21784

# ATTORNEY GRIEVANCE COMMISSION
## OF MARYLAND

**BAR COUNSEL**
MELVIN HIRSHMAN
**DEPUTY BAR COUNSEL**
GLENN M. GROSSMAN
**ASSISTANT BAR COUNSEL**
JAMES P. BOTLUK
RAYMOND A. HEIN
DOLORES O. RIDGELL
GAIL D. KESSLER
FLETCHER P. THOMPSON
MARIANNE J. LEE
DOLORES DORSAINVIL

100 COMMUNITY PLACE
SUITE 3301
CROWNSVILLE, MD 21032-2027
(410) 514-7051
TOLL FREE 800-492-1660

**INVESTIGATORS**
MARC O. FIEDLER
STERLING H. FLETCHER
MICHAEL H. PEREGOY
DENNIS F. BIENNAS
C. VERNON WILHELM
WILLIAM M. RAMSEY
**PARALEGALS**
JOHN DeBONE
TERRY L. RUFFATTO
**OFFICE MANAGER**
DEBRA ZACHRY

November 29, 2006

**PRIVATE AND CONFIDENTIAL**

Mr. Jerome J. Brown, Sr.
6655 Sykesville Road Sol-B
Sykesville, MD 21784

RE: *File No. 2007-M-206*

Dear Mr. Brown:

I am returning your complaint form dated November 13, 2006. You continue to send multiple complaints to this office against various attorneys, none of which have resulted in any findings of any violations of the Maryland Rules of Professional Conduct.

Further correspondence from you will simply be filed without any further response from this office.

Very truly yours,

Melvin Hirshman
Bar Counsel

MH/sgt
Enclosure(s)

CIRCUIT COURT FOR HOWARD COUNTY
CRIMINAL HEARING SHEET

CASE # 13K05 44505            DATE 11/30/06
DEFENDANT'S NAME Jerome Julius Brown
( )NOT PRESENT  ( )APPEARED  (x)PRODUCED FROM SHC
PRESIDING JUDGE Sweeney            STATE'S ATTY Goetz
DEF ATTY Deboissiere               CLERK ES
                                   REPORTER Seabolt

( ) ENTRY OF APPEARANCE

CASE CALLED FOR:
_____ PLEA
_____ ARRAIGNMENT/SCHEDULING CONFERENCE
_____ BOND HEARING
_____ VIOLATION OF PROBATION
_____ SENTENCING
_____ TRIAL
_____ RECONSIDERATION OF SENTENCE
_____ MOTIONS: Competency Hearing. Court signs order.
Def. committed to DHMH.
Def. found not competent after examined.

*********************************************************

POSTPONEMENT REQUESTED BY:
( ) STATE    ( ) DEFENSE    ( ) JOINT    ( ) COURT
( ) OPPOSED  ( ) CONSENTED
( ) GRANTED  ( ) DENIED     ( ) COURT FINDS GOOD CAUSE

( ) HICKS WAIVED    ( ) ▲ RECEIVES ATROC    ( ) ▲ RECEIVES COPY OF CHARGES
( ) NEW DATE GIVEN: _____           ( ) NOTICE SIGNED
( ) BENCH WARRANT ISSUED FOR ▲ FAILURE TO APPEAR
( ) CURRENT BOND FORFEITED
( ) ▲ APPEARED LATER SAME DAY - BENCH WARRANT WITHDRAWN
( ) BOND SET AT: _____              ( ) PERSONAL RECOGNICES

PLEA:
( ) GUILTY COUNTS/RULES _____      ( ) NOT GUILTY COUNTS/RULES _____
( ) NOT CRIMINALLY RESPONSIBLE             ( ) NOLO CONTENDERE

( ) STATEMENT OF FACTS   ( ) TESTIMONY GIVEN   ( ) COUNSEL HEARD

CASE SUBMITTED TO AND TRIED BY  ( ) COURT    ( ) JURY

MOTION FOR JUDGEMENT OF ACQUITTAL ( ) GRANTED  ( ) DENIED COUNTS_____
RENEW MOTION FOR JUDGEMENT OF ACQUITTAL ( ) GRANTED ( ) DENIED COUNTS_____

_J. Joseph Curran, Jr._
J. JOSEPH CURRAN, JR.
ATTORNEY GENERAL

_Clarence E. Goetz_
CLARENCE E. GOETZ
Assistant Attorney General
Criminal Investigations Division
Firearms Trafficking Unit
200 St. Paul Place, 18th Floor
Baltimore, Maryland 21202
410-576-6381

Circuit Court for Howard County Criminal Hearing Sheet Case # 13K05 44505 Date 11/30/06 Defendants Name Jerome Julius Brown, State's Attys Information Incorrect Goetz, Clarence E. Asst. Attorney General, Criminal Investigations Division Firearms Trafficking Unit 200 Saint Paul Place 18th Floor, Baltimore Maryland 21202 410-576-6381. Attached hereto before Magistrate Judge Susan Garvey. Criminal Hearing Sheet Case # 13K05 44505 Date 11/30/06 Defendants Name Jerome Julius Brown, Defendant Attorney Janette E. Deboissiere Case Called For:. Called to bring to Action or under Consideration Rule 9.

Criminal Causes Rule 4-212 Date 11/19/04 Time 12:27:54 Item (2), In The Circuit Court. Upon The Request of State's Attorney Timothy J. McCorne 410-313-2108, The Court may order Issuance of a Warrant For The Arrest of a Defendant. If an Information: No States Attorney.

Issuance, (1) In The Circuit Court For Howard County Case No. 13K05 044505 If, Faxed Jan 20 05 01:44 PM. State Of Maryland V. Jerome Julius Brown Defendant. Motion For Issuance of a Warrant, The State of Maryland by its Attorneys J. Joseph Curran Jr Attorney General Attached hereto Information and it shall command that the defendants be Arrested and brought before the Nearest Available Magistrate Judge Susan Garvey. U.S. Bounty # 1014.

Mr. Jerome Julius Brown Sr.

CRIMINAL CAUSES                           Rule 4-212

(1) In the District Court. A judicial officer may, and upon request of the State's Attorney shall, issue a warrant for the arrest of the defendant, other than a corporation, upon a finding that there is probable cause to believe that the defendant committed the offense charged in the charging document and that (A) the defendant has previously failed to respond to a summons that has been personally served or a citation, or (B) there is a substantial likelihood that the defendant will not respond to a summons, or (C) the whereabouts of the defendant are unknown and the issuance of a warrant is necessary to subject the defendant to the jurisdiction of the court, or (D) the defendant is in custody for another offense, or (E) there is probable cause to believe that the defendant poses a danger to another person or to the community. A copy of the charging document shall be attached to the warrant.

(2) In the circuit court. Upon the request of the State's Attorney, the court may order issuance of a warrant for the arrest of a defendant, other than a corporation, if an information has been filed against the defendant and the circuit court or the District Court has made a finding that there is probable cause to believe that the defendant committed the offense charged in the charging document or if an indictment has been filed against the defendant; and (A) the defendant has not been processed and released pursuant to Rule 4-216, or (B) the court finds there is a substantial likelihood that the defendant will not respond to a summons. A copy of the charging document shall be attached to the warrant. Unless the court finds that there is a substantial likelihood that the defendant will not respond to a criminal summons, the court shall not order issuance of a warrant for a defendant who has been processed and released pursuant to Rule 4-216 if the circuit court charging document is based on the same alleged acts or transactions. When the defendant has been processed and released pursuant to Rule 4-216, the issuance of a warrant for violation of conditions of release is governed by Rule 4-217.

(3) Inspection of the warrant and charging document. Unless otherwise ordered by the court, files and records of the court pertaining to a warrant issued pursuant to subsection (d)(1) or (d)(2) of this Rule and the charging document upon which the warrant was issued shall not be open to inspection until either (A) the warrant has been served and a return of service has been filed in compliance with section (g) of this Rule or (B) 90 days have elapsed since the warrant was issued. Thereafter, unless sealed pursuant to Rule 4-201 (d), the files and records shall be open to inspection.

**Committee note.** — This subsection does not preclude the release of otherwise available statistical information concerning unserved arrest warrants nor does it prohibit a State's Attorney or peace officer from releasing information pertaining to an unserved arrest warrant and charging document.

**Cross references.** — See Rule 4-201 concerning charging documents. See Code, State Government Article, § 10-616 (q), which governs inspection of court records pertaining to an arrest warrant.

(e) **Execution of warrant — Defendant not in custody.** Unless the defendant is in custody, a warrant shall be executed by the arrest of the

| | | |
|---|---|---|
| **STATE OF MARYLAND** | : | IN THE CIRCUIT COURT |
| v. | : | FOR |
| **JEROME JULIUS BROWN** | : | HOWARD COUNTY |
| Defendant | : | Case No. |
| | : | 13-K-05-44505 |

### MOTION FOR ISSUANCE OF A WARRANT

The State of Maryland, by its attorneys, J. Joseph Curran, Jr., Attorney General, and Paul E. Budlow, Assistant Attorney General, moves that this Court issue a warrant for the arrest of the above named Defendant, pursuant to Maryland Rule 4-212(d), and in support states:

1. The Defendant has been charged with the crimes of Making False Entry in a Public Document and Perjury, by way of Criminal Information, filed on January 19, 2005, in the Circuit Court for Howard County.

2. The Defendant is not now in custody on the above charges.

3. The Defendant has not been processed and released pursuant to Maryland Rule 4-216.

4. The State believes a warrant is justified for the following reasons:

   a.  The defendant has a lengthy criminal history including convictions for assault, battery, resisting arrest and arson. *False Information*

   b.  The defendant has been documented to be mentally unstable (see affidavit).

   c.  It is believed that the defendant is currently in unlawful possession of a handgun and a shotgun. *Not In Possession Of,*

   d.  The defendant has no stable address.

FILED
05 JAN 20 PM 3:19